### CHASE v. CHASE.

*(Supreme Court, Special Term, St. Lawrence County.   April 5, 1892.)*

1. DIVORCE—ADULTERY—RIGHT TO JURY TRIAL.
    In an action for divorce on the ground of adultery, the right of the party accused of adultery to a jury trial or a trial in open court may be waived.
2. SAME—PROOF OF ADULTERY.
    In action for divorce on the ground of adultery, the adultery may be proven by circumstantial evidence.

Action by Henrietta Chase against Mervey Chase for divorce.   Defendant moves to confirm the report of the referee.   Motion allowed.

*Henry E. Seaver*, for the motion.   *Horace D. Ellsworth*, opposed.

RUSSELL, J.   The defendant succeeded, in an action of divorce on the ground of adultery, in establishing affirmatively his counter charges, and in defeating the allegations of the complaint.   He now moves to confirm the report of the referee.   The motion is resisted on the ground that the order of reference was irregular or void, and that the evidence does not sustain the report.   The defendant was originally in default in answering, but was allowed by Justice TAPPAN to answer on terms.   The motion to open the default, and set aside the order of reference which had been granted as upon a default, was resisted by the plaintiff, and only part of the relief asked for obtained.   He was compelled to accept the order of reference theretofore made to take proof and report, to pay costs of the motion, and thus allowed to answer.   It is now objected that such an order of reference is not proper in an action of divorce where issue is joined.   I am not certain that this position is correct, but, even if it is, the objection does not avail the plaintiff. The distinction between actions of divorce and other cases, in regard to references, is founded upon the desire of the law to prevent collusion between the parties, and thus make divorces easy.   Concede that the person charged with adultery has a right to demand a jury trial, or has a right to demand a trial in open court, these provisions, like all others, may be waived.   The reason of the distinction between divorce cases and others does not apply where it is evident that a genuine contest proceeds, and that each side is desirous of repelling the charges which form the *gravamen* of the relief asked for by the other.   In the case at bar the plaintiff obtained the right to proceed before the referee, and was apparently satisfied with that order of reference.   The

order was not appealed from, and stands unreversed and unmodified. Its force cannot now be attacked in a collateral way after the proceedings which have been taken upon it. The plaintiff proceeded to the trial of the cause, and, although her counsel did not offer any evidence to sustain the charges which she made against the defendant, he cross-examined the witnesses produced against herself, and gave rebutting evidence in answer to the incriminating testimony. It will not do for a party to lie by, taking the chances of a favorable decision before a forum in which he acquiesces, and then, when an adverse result comes, seek to defeat that result, unless the proceedings are entirely void. Such is not the case here. The reference is one by consent in open court, and has been acted upon by both parties. The objection that there was no direct evidence of adultery by the plaintiff is not sufficient to answer the findings of the referee. If it were necessary to have ocular evidence of the act, few divorces for this cause could be obtained. The evidence of circumstances may be wholly and entirely sufficient. A perusal of the testimony satisfies the mind, beyond a reasonable doubt, of the guilt of the plaintiff, and her own conduct as a witness corroborates the impression. The decree must go for the defendant for an affirmative judgment.